█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL WATTS, Appellant. —

Concur — Stevens, P. J., Capozzoli and Nunez, JJ.; Eager and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We dissent. The instant case presents but another of the long list of reversals where the trial has demonstrated beyond any reasonable doubt that the defendant is guilty as found by the jury. It was established without contradiction that defendant returned to his residence after a period of incarceration. Defendant was on welfare prior to his sentence, and the department continued to send him checks despite the fact that his needs were already being cared for by another branch of government. Confidently expecting this, he had arranged with the deceased, his paramour (euphemistically referred to as his common-law wife) to cash the checks. On his return he discovered that she had done so but did not account for the proceeds satisfactorily. He also learned that she had been extending her favors to a friend of his. He promptly beat and strangled her to death. All of this appeared independently of the confession. It neither helps the cause of justice nor the administration of justice to order a new trial where the facts ineluctably point to a foregoing conclusion. We are not unaware that the erroneous admission of a confession is generally deemed to mandate a reversal. But, as in the case of all rules regarding a priori quantum evaluation of evidence, it should never be inviolate. Moreover, the alleged error is based on the proposition, not without some judicial support, that a request for counsel is irrevocable and that, once expressed by a defendant, it is beyond his power, as well as the prosecution's, to ever recall it. Here, as the majority points out, the request was made in certain terms. It was later reconsidered for reasons that appeared to be sufficient to the defendant, namely, that a statement might lead to his immediate release. We are not prepared to say that the earlier request forfeited defendant's privilege to waive counsel on the interrogation and to hold that the confession so given was involuntary.